REECE, ADMINISTRATOR *v.* WEBSTER.

4-9841

256 S. W. 2d 345

Opinion delivered March 23, 1953.

Rehearing denied April 20, 1953.

*D. S. Plummer,* for appellant.

*Daggett & Daggett,* for appellee.

ARCHER WHEATLEY, Sp. Justice. July 17, 1951, Nathaniel Reece, age 16, lived with his father, Aron Reece,

on land occupied by Bill Webster. A tractor belonging to Bill Webster and operated by his brother, Oscar Webster, exploded as Nathaniel Reece walked past it on the farm road leading to Reece's home. As a result of this explosion, burning gasoline was thrown upon Reece inflicting burns of such serious nature that he died therefrom 46 days later.

Suit was filed by Aron Reece as Administrator of the estate of Nathaniel Reece and individually, to recover damages, it being alleged that the explosion was due to the negligence of Bill Webster as the owner of said tractor through the faulty operation thereof by his servant. There was the specific allegation:

". . . and specifically alleges the negligence of the said Bill Webster, his servants, agents and employees in permitting raw gasoline to accumulate on or about the tractor when in operation, that when volatilized by the heat of the tractor, it would produce a powerful and dangerous explosive, producing the results herein alleged."

The case was tried before a jury and resulted in a verdict for the defendant.

Evidence was introduced by the plaintiff tending to show that there was a sediment bulb in front of the tractor motor; that there had been a defect in this bulb as a result of which gasoline dripped. There was no expert testimony showing the damage to the motor, nor was there any suggestion of any kind that the accident could have been caused in any manner other than that gasoline dripped from the sediment bulb on to the hot motor.

The Complaint contained only the one specific allegation of negligence and did not leave any doubt with respect to the cause of the explosion.

The plaintiff asked the Court to give three instructions on the doctrine of *res ipsa loquitur*. The Court refused these requests saying that he did so because, "The proof in this case conforms to the allegations in the Complaint, which are allegations of specific acts of negligence and that the application of the doctrine of

*res ipsa loquitur* would mean giving the jury an alternative if they did not believe the testimony of the plaintiff as to specific acts of negligence.''

The three instructions requested, read as follows:

### No. 2

''You are instructed that if you find from a preponderance of the evidence that the defendant owed a duty to the plaintiff and his intestate to use care and an explosion occurred, causing injury, and the explosion is caused by the thing or instrumentality that is under the control and management of the defendant, his servants, agents or employees, and the explosion is such that in the ordinary course of things it would not occur if those who had the control and management use proper care, then, in the absence of evidence to the contrary, this would be evidence that the explosion occurred from lack of proper care.''

### No. 4

''If you find from a preponderance of the evidence that the tractor exploded and caused the injuries complained of; and you further find from a preponderance of the evidence that there was no negligence on the part of Aron Reece or his intestate Nathaniel Reece and that the instrumentality causing the explosion was in the exclusive control and possession of the defendant, Bill Webster, his servants, agents or employees and you find from a preponderance of the evidence that the explosion is such that in the ordinary course of things it would not have occurred if those who had the control and management use proper care, then, in the absence of evidence to the contrary, you are instructed that the mere fact of the explosion of the tractor raises a presumption of negligence on the part of the defendant and your verdict will be for the plaintiff unless you should find that the presumption of negligence has been overcome by evidence on the part of the defendant.

''Upon proof of the fact of the explosion, as set out in the above instruction, the burden of proof then shifts

to the defendant to show that he was free from negligence and upon the failure of the defendant to meet that burden of proof you will be warranted in finding for the plaintiff.''

## No. 5

''You are instructed that if you find from a preponderance of the evidence that the tractor exploded and caused the injuries complained of and that the explosion and injury is such that in the ordinary course of things would not occur, if those who had such control and custody use proper care and you find by such preponderance of the evidence that the control and custody of the tractor was in the defendant, his servants, agents or employees, the happening of the explosion with the resulting damage is prima facie evidence of negligence, and shifts to the defendant the burden of proving that it was not caused by the negligence of the defendant.''

The doctrine of *res ipsa loquitur* was developed to assist in the proof of negligence where the cause of an unusual happening connected with some instrumentality in the exclusive possession and control of defendant could not be readily established by the plaintiff. The theory was that since the instrumentality was in the possession of the defendant, justice required that the defendant be compelled to offer an explanation of the event or be burdened with a presumption of negligence.

The various Courts of the country have not been in agreement with respect to either the necessities of pleading or the effect with respect to burden of proof in cases of this kind. The rule in Arkansas, however, seems to be well established to this effect:

(1) The fact that a specific allegation of negligence is pleaded does not prevent the application of the doctrine of *res ipsa loquitur. Biddle, et al., Receivers* v. *Riley,* 118 Ark. 206, 176 S. W. 134, L. R. A. 1915F, 992; *Johnson* v. *Greenfield,* 210 Ark. 985, 198 S. W. 2d 403.

(2) The effect of the doctrine where applicable does not shift the burden of proof on the whole case from the

plaintiff to the defendant, but simply requires the defendant to go forward with the production of testimony. In other words, the effect of the doctrine is to facilitate the proof of negligence by the plaintiff by adding a presumption to his other proof. There is an extended discussion of this feature in *Coca-Cola Bottling Company of Helena* v. *Mattice,* 219 Ark. 428, 243 S. W. 2d 15.

Returning to the instructions requested in this particular case, we find that the second paragraph of requested instruction No. 4 was specifically disapproved in the Mattice case. On the other hand the Court there stated that it found no objection with an instruction identical with requested instruction No. 5 in this case. (The writer is unable to see sufficient difference in the two instructions to justify the approval of the second one.) There was, therefore, no error on the part of the learned Trial Judge in refusing requested instruction No. 4. Instructions Nos. 2 and 5 were in proper form if the circumstances called for their use.

Appellants' counsel very frankly and ably states another rule governing the doctrine of *res ipsa loquitur* as follows:

"Of course, in cases where the plaintiff has full knowledge and testified to the specific act of negligence which is the cause of the injury complained of, or where there is direct evidence as to the precise cause of the accident and all of the facts and circumstances attendant upon the occurrence clearly appear—then the doctrine would not apply."

In this case, we think not only the complaint, but also the testimony showed a specific act of negligence, which was the use of a tractor with a leaky sediment bulb. There is no suggestion either in pleadings, proof or argument, that there was any other possible contributing factor to the explosion. Under these circumstances the case of *Southwestern Gas & Electric Company* v. *Deshazo,* 199 Ark. 1078, 138 S. W. 2d 397, is controlling. The Court there used the identical language above quoted from appellants' brief.

We therefore conclude there was no error in refusing the requested instructions.

Affirmed.

Mr. Justice HOLT and Mr. Justice MILLWEE dissent; Mr. Justice McFADDIN concurs; the Chief Justice not participating.