DOROTHY SAUTER ET AL *v.* DICKI ATCHINSON ET AL

5-5567                                    466 S. W. 2d 475

Opinion delivered May 10, 1971
[Rehearing denied May 31, 1971.]

*Terral, Rawlings, Matthews & Purtle;* By: *Gail O. Matthews,* for appellant.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellees.

CONLEY BYRD, Justice. The appellant Dorothy Sauter, individually and as mother and next friend of Larry Imler, a minor, brought this action to recover for injuries received by Larry when a parked car owned by appellee Dicki Atchinson and occupied by appellee Diane Masingill suddenly rolled forward and over Larry. The jury, upon interrogatories, found that neither Larry, Dicki nor Diane was guilty of negligence. For reversal of the judgment entered on the jury's verdict, appellant contends: (1) that the trial court should have sustained her ·motion in limine to prohibit appellees from re-

ferring to headlighting rabbits from the car hood prior to the occurrence here involved; (2) that the trial court should have given an instruction on Res ipsa loquitur; and (3) that the findings of the jury are contrary to the law and the evidence.

The record shows that Larry, Dicki, Diane, Diane's sister Karen, Jimmy Ryburn, and Fred McMurtry decided to headlight rabbits. They obtained a shot gun from Dicki's house and took Dicki's car out Chicot Road to the end of the pavement. At this point Diane started driving with Larry and Dicki riding on the hood of the car with the shot gun. Diane turned off onto a fire lane and proceeded to the end where she parked on the crest of a hill. Not finding any rabbits to shoot, they decided to shoot some cans. Dicki got back into the car. He said that he put the gear shift in park, set the hand brake and switched the lights to bright. Diane moved to the passenger's side of the car where she remained until after Larry was injured. Dicki and Jimmy Ryburn took their turn shooting, standing in front of the headlights and shooting at cans thrown by the others. When Larry took his position to shoot, the car started rolling forward, and rolled over him, causing the injuries complained of. All during the can shooting, Diane testified, she remained on the passenger's side of the front seat and her sister Karen and Fred McMurtry remained in the back seat. The car's motor was left running and a stereo tape player was on. The automobile was in neutral when it eventually came to rest.

1. The evidence of the events leading up to parking the car on the crest of the hill was admissible to show the relationship among the parties. It follows that the trial court did not err in refusing appellant's motion in limine.

2. Appellant only asked for the Res ipsa loquitur instruction as to Dicki. When we consider that the car stood in its parked position while Dicki and Jimmie Ryburn took their turns shooting and that the car was occupied by Diane, her sister Karen and Fred McMurtry, we hold that trial court properly refused the Res ipsa

loquitur instruction as to Dicki. The doctrine of Res ipsa loquitur is grounded upon the fact that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to the defendant but inaccessible to the injured party, and also on the premise that the defendant had exclusive control. See *Ford Motor Company* v. *Fish*, 232 Ark. 270, 335 S. W. 2d 713 (1960). Here neither situation exists.

3. In her last point appellant contends that under the facts as developed Larry could not have been injured and the accident could not have happened, had not someone been negligent and thus the jury's findings to the contrary are contrary to the law and the evidence. This argument overlooks the fact that there was other testimony from which the jury could have found that Dicki acted as a reasonable and prudent person in placing the car in "park" and setting the handbrake and that Diane did nothing to cause the car to start rolling.

Affirmed.