Phil PHILLIPS *v.* ELWOOD FREEMEN COMPANY, INC.

87-207 745 S.W.2d 127

Supreme Court of Arkansas
Opinion delivered February 22, 1988

*Ponder & Jarboe*, by: *Harry L. Ponder*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

JOHN I. PURTLE, Justice. The appellant filed a complaint in the Circuit Court of Lawrence County, Arkansas, wherein he claimed that the appellee negligently caused damage to his farmlands. The complaint was subsequently amended to plead the doctrine of *res ipsa loquitur*. At the conclusion of the appellant's case the trial court directed a verdict in favor of the appellee on the grounds that there was no evidence of negligence on the part of the appellee and the doctrine of *res ipsa loquitur* did not apply. The only issue in this appeal is whether, under the facts as developed, the case should have been submitted to the jury under the doctrine of *res ipsa loquitur*. We hold that the trial court correctly directed the verdict because the doctrine of *res ipsa loquitur* does not apply in this case.

Between 1952 and 1960 the appellant constructed a dirt levee on his land in Lawrence County to protect it from overflow by the Black River. After the levee was constructed he sodded the banks and constructed a gravel road along the top of the levee. In the spring of 1980, with appellant's consent, the appellee installed an underground telephone line along the riverside shoulder of the levee, except for a short distance where the wire was buried on the field shoulder of the levee. The appellee used a maxi-sneaker which sliced the dirt to a depth of about twelve inches and fed the wire cable into the bottom of the slit. The dirt fell back into place as the machine passed through it. The sod soon healed and for the next three growing seasons there were no traces of the wire or its

installation except when it was repaired.

In November of 1982 the Black River reached flood proportions at a higher level than any flood in the memory of the residents in the area. The appellant's levee was completely inundated. The only appreciable erosion to the levee was the washout on the field side of the levee where the cable was buried. The telephone wire which had been buried on the field side of the levy was exposed as a result of the washout.

The appellant had constructed a culvert under the levee at the lowest elevation on his farmland for the purpose of draining water from his fields into Black River. The culvert had a trap door on the river end which prevented water from entering from the river. The washout on the field side of the levee occurred near where the culvert went under the levee. There is no evidence that the culvert contributed to the overflow. However, appellant alleges that the dirt and debris from the eroding levee entered the culvert and clogged it, thereby preventing the floodwaters from flowing into the river. The clogged culvert thus caused the floodwaters to remain on the wheat crop and drown it. Besides the expenses incurred in repairing the levee, the appellant also alleged his land near the washout was rendered less productive as a result of the overflow.

In order for the doctrine of *res ipsa loquitur* to apply a plaintiff must show that the injury was caused by an instrumentality under the control of the defendant, that the accident ordinarily would not have happened in the absence of the defendant's negligence, and there was no evidence of other causes for the occurrence. *Statler* v. *Coca Cola Bottling Company of Arkansas*, 282 Ark. 443, 669 S.W.2d 460 (1984), and *Coca Cola Bottling Company* v. *Mattice*, 219 Ark. 428, 243 S.W.2d 15 (1951). In *Dollins* v. *Hartford Accident & Indemnity Company*, 252 Ark. 13, 477 S.W.2d 179 (1972), this court stated, "there must be an inference that someone must have been negligent before *res ipsa loquitur* can be applied." The doctrine, when applicable, allows the jury to infer negligence from the plaintiff's evidence of circumstances surrounding the occurrence.

In the present case there was no evidence that an instrument under the control of the appellee was the only possible cause of his injuries. Certainly, the unprecedented flood waters of the Black

River overflowing the levee could have caused the damages. Neither did the appellant prove that the damage to his levee ordinarily would not have happened unless someone was negligent. A levee may wash out in a flood in the absence of negligence or fault on the part of anyone. Furthermore, it would not have been difficult to obtain testimony if the cable had been installed in a negligent manner.

Since there was no showing that the washout was caused by the action of the appellee, or that it would not have occurred if the appellee had used proper care, or that there was no other cause of the damage, the trial judge correctly denied the application of the doctrine of *res ipsa loquitur*.

Affirmed.