Johnnie PETERS *v.* William PIERCE

93-109                                          858 S.W.2d 680

Supreme Court of Arkansas
Opinion delivered July 12, 1993

*Gary Eubanks & Associates*, by: *James Gerard Schulze* and *Wm. Gary Holt*, for appellant.

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles* and *Roy Gene Sanders*, for appellee.

Robert H. Dudley, Justice. Plaintiff Johnnie Peters was driving a pick-up truck on an access road entering Interstate 30 in Pulaski County. He stopped at a "yield" sign, which was positioned just before the access lane merges into the main lanes of traffic, and was struck from behind by a car driven by defendant, William Pierce. Defendant Pierce, appellee in this court, contended below that the accident was not his fault because plaintiff started to pull out onto the interstate and then stopped, and further contended the plaintiff was not damaged by the very limited impact. The only visible damage to the defendant's car was a small dent in the top of the front bumper. The rear bumper of the plaintiff's truck was not bent, but was pushed downward. The case was tried once before and resulted in a $6,000 verdict for

the plaintiff, but he appealed. We reversed and remanded because the plaintiff was not given the opportunity to answer the defendant's misleading and incompetent testimony. *Peters* v. *Pierce*, 308 Ark. 60, 823 S.W.2d 820 (1992). Upon retrial, the jury returned a defendant's verdict. The plaintiff again appeals. This time, we affirm.

Before the second trial, plaintiff filed a motion in limine and asked that the defendant not be allowed to argue that the case had been orchestrated by plaintiff's attorney. Defendant was attempting to support this argument, in part, by alleging that plaintiff's attorney had referred plaintiff to a physician. Alternatively, if that motion were denied, plaintiff asked that he be allowed to respond to the argument by showing the reason he employed counsel at the time he did was because the defendant's insurance adjuster was rude to him. The trial judge listened to the pretrial arguments, weighed them, and ruled that it would be unduly restrictive not to allow the defendant's attorney to draw an inference from the facts, which might be proved, and additionally ruled that it would create unfair prejudice to allow testimony about insurance. The trial judge concluded his ruling by stating: "I don't think it would be unreasonable to have the plaintiff testify that I went to a lawyer because I needed help. I think that states the obvious."

At the retrial, plaintiff's wife testified that plaintiff went to Dr. Jon Dodson before he employed an attorney. She admitted that she made a mistake in her deposition when she stated that her husband employed counsel a month after the accident. She testified he employed a lawyer only about a week after the accident, but that, no matter what the date, he was examined by the doctor before he employed counsel. She further testified: "We had a problem is why we needed a lawyer, yes. We didn't want to fool with that. We needed to see about doctors, not lawyers at the time." Plaintiff made a proffer of additional testimony, which he asked the trial court to allow. The only facts contained in the proffer, that were not already in evidence, were:

> An adjuster from the insurance company called my husband just as we had gotten back from Dr. Dodson's office, and was talking to him about his finance stuff. They gave him problems with paying benefits for his time off work,

and he told them that he had just come from the doctor and didn't feel like talking about it.

Plaintiff testified repeatedly, both on direct and cross-examination, that he went to Dr. Dodson for an examination before he employed counsel. He admitted that he was not sure of the dates on which he saw either of them, but he was certain that he was examined by the doctor either two or four days before he employed counsel. He admitted that someone referred him to Dr. Dodson, but stated that he could not remember who recommended that he see that particular doctor. Plaintiff made a proffer of the additional testimony he sought the trial court to allow. The only facts contained in the proffer, that were not already in evidence, were:

> When we got home from the doctor, I got a phone call. I answered it. Because I was under medication, I was feeling bad. I didn't feel like answering questions. I really don't remember the lady that called me, but I presume it was from the insurance company.

■■ On appeal plaintiff contends that, because the trial court permitted defendant's counsel to argue that plaintiff's counsel orchestrated the lawsuit, the trial court erred in refusing to allow him to testify that he went to an attorney only after the insurance adjuster was rude to him. In *Younts* v. *Baldor Electric Co.*, 310 Ark. 86, 89, 832 S.W.2d 832, 834 (1992), we stated: "As a general rule, it is improper for either party to introduce or elicit evidence of the other party's insurance coverage. This principle is part of the collateral source rule which excludes evidence of benefits received by a plaintiff from a source collateral to the defendant." However, a party cannot use the insurance exclusionary rule to mislead a jury or gain any kind of undue advantage, *York* v. *Young*, 271 Ark. 266, 608 S.W.2d 20 (1980), and, if a party gives misleading testimony, insurance coverage may become relevant to some other issue in the case. *Peters* v. *Pierce*, 308 Ark. 60, 823 S.W.2d 820 (1992); *Industrial Farm Home Gas Co.* v. *McDonald*, 234 Ark. 744, 355 S.W.2d 174 (1962). Here, the proffered testimony would have given the jury the information that the defendant had insurance, and we have said that it is inherently prejudicial to inform a jury of insurance coverage. *Hively* v. *Edwards*, 278 Ark. 435, 646 S.W.2d 688

(1983). In addition, the proffered testimony would have had only marginal relevance to the issue of when the plaintiff employed counsel, and it would have been only slightly probative of the issue.

A trial judge may exclude evidence, although relevant, if its probative value is substantially outweighed by the danger of unfair prejudice. A.R.E. Rule *403*. The standard of review of a trial court's weighing of probative value against unfair prejudice is whether the trial court abused its discretion. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988). Here, the mention of insurance would have caused substantial unfair prejudice, and it would have had only a slight probative value on the issue of orchestration. Thus, we cannot hold that the trial court abused its discretion in refusing to allow the proffered testimony about insurance.

Plaintiff-appellant alternatively argues that the trial court abused its discretion in denying his pretrial motion to prohibit the defendant from arguing that plaintiff's attorneys orchestrated the lawsuit. The trial court was obviously concerned about the issue and preliminarily ruled that the defendant could argue any facts that might be proved along with the fair inferences that arose from those facts. However, defense counsel, during his opening statement, stated: "Dr. Dodson is one of those people you will find that he is one of those doctors that nobody has ever seen in their life until after they've been in an automobile accident and have a lawyer see them." Plaintiff objected, and the trial court sustained the objection with the admonition, "Let's keep it straight." There was no proof that Dr. Dodson was one of those people that nobody sees until they are involved in a car accident. In closing argument, defense counsel stated, "I still say he was sent there by the lawyer. . . ." No objection to the argument is abstracted. The trial court subsequently instructed the jurors that the argument of counsel was not evidence. In our decisional conference on this case, the defendant's argument was discussed at length. There was concern about the unfairness of the argument, but it was decided that the trial court did not abuse its discretion in the rulings it was asked to make. There is nothing to show that the trial court should have anticipated, before trial, that defense counsel would argue that "he is one of those doctors that nobody has ever seen in their life until after they've been in an

automobile accident and have a lawyer see them." The pretrial motion was apparently the only time the issue was raised. The appellant has abstracted only one other objection, the one in which the trial court sustained his objection with the admonition, "Let's keep it straight." Thus, we cannot say that the trial court abused its discretion in any ruling it was asked to make.

Plaintiff's second assignment is that the trial court erred in allowing the defendant to prove that plaintiff was receiving a pension and in allowing proof of the amount of that pension. The ruling was erroneous. In general, compensation that is not to be deducted from the recovery should not be disclosed to the jury, as there is no reason to do so, and prejudice will result. *Amos* v. *Stroud*, 252 Ark. 1100, 482 S.W.2d 592 (1972). *See also* Annotation, *Collateral source rule: receipt of public or private pension as affecting recovery against tortfeasor*, 75 A.L.R.2d 885 (1961). There are exceptions to the general rule, *see* Annotation, *Admissibility of Evidence that Injured Plaintiff Received Benefits from a Collateral Source, on Issue of Malingering or Motivation to Extend Period of Disability*, 47 A.L.R.3d 234 (1973). As indicated, this court follows the general rule regarding a collateral source, which would extend to cover pensions. The next to last paragraph of the opinion in *Transit Homes, Inc.* v. *Bellamy*, 282 Ark. 453, 671 S.W.2d 153 (1984), might be read to conflict with our earlier cases although it involves credit on a subrogation claim. In order to prevent confusion, we overrule the paragraph to the extent it might be read to conflict with any earlier case.

Even though the ruling allowing evidence of the pension and the amount plaintiff received from it was in error, plaintiff cannot show that he was prejudiced by that ruling. We will not reverse in the absence of a showing of prejudice. *McNair* v. *Ozark Gas Transmission System*, 292 Ark. 235, 729 S.W.2d 165 (1987). In this case the jury returned a general verdict for the defendant. The jury may well have reached its verdict by determining that the plaintiff's fault was equal or greater than that of the defendant. Thus, the jury may have never considered the issue of damages, and plaintiff cannot show prejudice. We will not reverse in the absence of a showing of prejudice. *See Webb* v. *Thomas*, 310 Ark. 553, 837 S.W.2d 875 (1992).

Affirmed.