Ronnie BARKER *v.* Charles CLARK

CA 99-702 13 S.W.3d 190

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered March 22, 2000
[Petition for rehearing denied April 19, 2000.]

*Callis L. Childs*, for appellant.

*Matthews, Sanders & Sayes*, by: *Doralee Idleman Chandler* and *Roy Gene Sanders*, for appellee.

WENDELL L. GRIFFEN, Judge. Ronnie Barker appeals from a verdict in which a Faulkner County jury found the appellee, Charles Clark, was not liable to Barker for damages to Barker's car. On appeal he asserts four errors: 1) the trial court erred in denying discovery of evidence in the sole possession of the appellee and not otherwise available to appellant; 2) the trial court erred by excluding evidence of other acts of the appellee regarding appellee's motive, intent to lie, and identity; 3) the trial court erred in not allowing the appellant to amend his complaint to include a claim for punitive damages; and 4) the trial court erred in refusing to instruct the jury on *res ipsa loquitur*. We affirm on the first three points but reverse and remand for a new trial because we find the appellant was entitled to an instruction on *res ipsa loquitur*.

The appellee is a vendor who sells authentic Native American goods at Native American pow-wows. His display consists of an Indian teepee, tables, and stands upon which he places his goods. The appellee uses a pick-up truck with a camper to transport the goods and his stands. He places the goods inside the camper and secures the teepee, tables and stands atop the camper. On July 21, 1996, appellee was returning home from a pow-wow in Oklahoma. When he reached his home in Conway, he unloaded some of the items inside the camper, but did not unload any of the items secured to the top of the camper. A few hours later, he left to go to work. As he accelerated to merge into traffic from a turn lane, a piece of two-feet by four-feet plexiglass allegedly blew from the top of his camper and struck appellant's windshield, breaking the windshield and denting the roof of the car that was occupied by the

appellant, his wife, and two children. The appellant followed the appellee for a short distance, signaling his lights to stop him. The appellee pulled over, and officers were called to investigate the accident.

The appellee provided a Texas driver's license to the officer, and stated that he did not possess any plexiglass and did not know that any was on his camper. He speculated that someone else might have laid it on top of his truck. The appellee and an investigating officer found the plexiglass sheet and the appellee took the sheet with him when he left. The appellee was not issued any traffic citations in connection with this incident. Appellee's insurance company denied liability, and the appellant subsequently filed a negligence suit against the appellee in municipal court. The appellee filed a response, denying any knowledge of the plexiglass being on top of the camper. He also denied using plexiglass in his displays. In answers to the interrogatories, the appellee submitted a different Social Security number from the number listed in the incident report, and admitted that his Texas driver's license had been suspended thirteen years before as a result of four speeding tickets. The municipal court entered a judgment for the appellant in the amount of $1,738.82. The appellee appealed to the Faulkner County Circuit Court, and the appellant requested a jury trial.

The appellant submitted additional interrogatories to the appellee. The appellee objected to some of the interrogatories on the grounds that the questions were overly broad, irrelevant, and would not likely lead to the discovery of admissible evidence. He objected to the request for his mailing address for the past fifteen years on the ground that such information was irrelevant and immaterial to any issues in the case. He objected to the requests for information regarding any traffic tickets he had received in the past fifteen years and the disposition of any related charges; and information to establish whether the appellee's vehicle insurance had ever been declined or canceled, on the grounds that the requests were overly broad and irrelevant, and would not likely lead to the discovery of admissible evidence. The court ordered the appellee to disclose his residence for the past fifteen years and ordered him to disclose whether he had received any citations for traffic violations regarding weight or measures, overloading or failure to secure a load, but sustained his objections to the remaining interrogatories.

During the pretrial phase, the court also denied appellant's request to amend his complaint to add a claim for punitive damages.

During the trial, appellant sought to introduce testimony from an officer regarding a computer printout that would show the appellee's correct Texas driver's license number, in order to show the appellee gave the officer a fraudulent driver's license. The court determined that information from the printout was hearsay because the officer testifying did not compile that information. Prior to submitting the case to the jury, the appellant submitted a jury instruction on *res ipsa loquitur*. The court refused to issue the instruction, determining that this was a simple negligence case, and that the element of the appellee's exclusive control of the harm-causing instrumentality was not met. The jury determined that the appellee was not negligent.

## I. Evidentiary and Discovery Errors

Appellant's arguments as to the trial court's evidentiary and discovery errors are convoluted, but appear to be as follows: 1) the trial court erred in excluding the police officer's testimony regarding the computer printout of the appellee's Texas driver's license number because it was relevant under Arkansas Rule of Evidence 404(b) to establish the appellee's identity, and to show his pecuniary interest, bias, motive and intent to lie; and 2) the trial court erred in sustaining appellee's objections to certain interrogatories, because the information was necessary to show pecuniary interest and to prepare for possible impeachment on cross-examination. He further argues the harmless error analysis does not apply in this case, where the trial court erroneously denied a discovery request.

Under Arkansas Rule of Evidence 401, all relevant evidence is admissible, unless excluded for other reasons. Relevant evidence is defined under Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than [the existence of that fact] would be without the evidence." Arkansas Rule of Evidence Rule 404(b) allows evidence of other acts to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Therefore, evidence of

bias, credibility, motive and intent to lie, and pecuniary interest may be admissible where relevant.

■ The appellant contends that the testimony regarding the computer printout was relevant to show appellee's state of mind, his credibility, and his motive and intent for giving a fraudulent driver's license — to show that the appellee had a pecuniary interest in avoiding having an insurance claim filed against him, and therefore, that he lied about leaving the plexiglass on the truck. However, all defendants have a pecuniary interest in avoiding having an insurance claim filed on them. Whether or not the appellee had a fraudulent Texas driver's license does not make it more or less probable that he negligently left a piece of plexiglass on his truck camper and, therefore, is not relevant evidence.

■ Further, it appears that while appellant specifically mentioned the appellee's pecuniary interests, he failed to present and get a ruling on a 404(b) argument to the trial court. Moreover, it appears that the trial court properly excluded this testimony as hearsay under Rule 801, because it was a written assertion offered by someone other than the officer to prove the truth of the matter asserted. Further, the printout itself was not offered into evidence and the testifying officer did not compile the information on the printout. Whether to admit evidence lies within the discretion of the trial court, and that determination will not be reversed in its determination in this regard absent an abuse of discretion. *See, e.g., Warner v. State*, 59 Ark. App. 155, 954 S.W.2d 298 (1998). Based on the facts of this case, we find the trial court did not abuse its discretion in excluding the officer's testimony regarding the computer printout.

Appellant also argues that the trial court erred in denying him discovery of evidence in the sole possession of the appellee and not otherwise available to appellant. He notes that the scope of discovery is broader where the information needed by one party is under the exclusive control of the other. *Marrow v. State Farm Ins. Co.,* 264 Ark. 227, 570 S.W.2d 607 (1978). He maintains that he was entitled to the information regarding all traffic tickets received by the appellee and the information establishing whether the appellee's vehicle insurance had ever been declined or canceled to show the appellant had a pecuniary interest to lie, and to prepare for impeachment on cross-examination. The appellee argues that the information sought

by appellant was irrelevant to the issue of liability and was not likely to lead to the discovery of admissible evidence.

■ Under Rule 26 of the Arkansas Rules of Civil Procedure, parties may obtain discovery of any unprivileged matter that is relevant to the issues in a pending action. Here, the trial court properly required the appellee to submit only that information that could have been relevant, including his address for the past fifteen years and whether he had any citations of the type that could have been (but were not) issued under the circumstances of this case: weights and measures violations, overweight loads, and failure to secure a load. The trial court properly found that insurance liability was not an issue in this case and, therefore, that the information regarding the appellee's pecuniary interest to be elicited by the remaining interrogatories was irrelevant. We find that the trial court was within its discretion in so limiting the appellee's answers to the interrogatories.

Because we find the trial court did not err in sustaining the appellant's objections to the interrogatories, we do not address appellant's argument that the usual harmless–error analysis does not apply where a trial court erroneously denies a discovery evidence request.

## II. Res Ipsa Loquitur *Instruction*

■ ■ The doctrine of *res ipsa loquitur* allows a jury to infer negligence where the harm is of the type that does not normally occur in the absence of negligence. In order to submit a *res ipsa* theory to the fact–finder, the plaintiff must establish four elements: 1) the defendant owes a duty to the plaintiff to use due care; 2) the accident was caused by a thing or instrumentality under the control of the defendant; 3) the accident which causes the injury is one that, in the ordinary course of things, would not occur if those having control and management of the instrumentality used proper care; and 4) there is an absence of evidence to the contrary. It is essential that the harm–causing instrumentality be under the exclusive control of the defendant. *Sauter v. Atchison*, 250 Ark. 697, 466 S.W.2d 475 (1971). If each of these elements is present, the burden shifts to the defendant to prove that the injury was not caused

through any lack of care on its part. *Schmidt v. Gibbs*, 305 Ark. 383, 807 S.W.2d 928 (1991).

Appellant proffered the following *res ipsa loquitur* instruction:

> In addition to the rules of law I have just stated with respect to ordinary care and negligence there are situations in which a jury may, but is not required to, draw an inference of negligence from the manner in which the alleged property damage occurred. Ronnie Barker asserts that this case involves such a situation, and therefore has the burden of proving each of two essential propositions:

> First: That the alleged property damage was attributable to the plexiglass coming off of the truck campershell which was under the exclusive control of Charles Clark.

> Second: That in the normal course of events, no property damage would have occurred if Charles Clark had used ordinary care while the plexiglass on the truck campershell was under his exclusive control.

> If you find that each of these two propositions has been proved by Ronnie Barker, then you are permitted, but not required to infer that Charles Clark was negligent.

Because the car was parked in the appellee's yard for two hours before he left to go to work, the court found "there are other reasonable theories promoted that would take it out of [appellee's] control" and therefore, refused to provide this instruction to the jury. That is, the trial court found that the appellant had not shown the appellee had exclusive control over the plexiglass. The court was apparently referring to the appellee's suggestion at the time of the accident and in court that the plexiglass may have fallen off of a truck going into the nearby lumberyard, and someone walking by may have placed it on top of his truck. He testified that he had picked up items that had apparently fallen off of such trucks, to get the items out of the road. The court found the relevant questions were whether the appellee placed the plexiglass on top of the truck and negligently left it there.

We find that the trial court erred in not instructing the jury on *res ipsa loquitur*. First, the appellee had a duty to make sure the objects on top of his camper were properly secured. He left for work without examining the objects remaining on top of his

camper, even though he had just returned from a lengthy road trip. Second, an object does not ordinarily fly off of a camper shell where proper care to secure the object is used. Moreover, the mere fact that someone else may have handled the plexiglass does not necessarily preclude a finding that the appellant had exclusive control. *See Fleming v. Wal-Mart, Inc.*, 268 Ark. 559, 595 S.W.2d 241 (1980)(finding exclusive control existed where an unidentified customer handled the cabinet shortly before the appellant was injured by the cabinet falling off of the shelf).

Finally, there is no evidence the appellee did not have exclusive control of the camper. The appellee's self-serving theories that someone else might have placed the plexiglass on top of his truck is not evidence. Rather, the evidence shows that the property damage was attributable to the plexiglass blowing off of the top of the camper that belonged to appellee. The truck and camper were parked in his yard for two hours before he went to work, and appellee took the plexiglass with him when he left the accident scene. He alone controlled his vehicle, and it was his responsibility to make sure the objects on top of his vehicle were safely secured each time he entered the roadways. Further, appellee knew that objects sometimes fell off passing trucks because he had picked up such objects to get them out of the road.

■■ Whether to issue an instruction to the jury is within the discretion of the trial court, and is a determination that this court will not reverse on appeal absent an abuse of that discretion. *See Eisner v. Fields*, 67 Ark. App. 238, 998 S.W.2d 421 (1999). However, a party is entitled to a jury instruction when it is a correct statement of the law and there is some basis in evidence to support the giving of the instruction. *Id.*

■ Here, appellee does not argue that the requested instruction inaccurately stated the law. Rather, he argues there was no evidentiary basis to support giving the instruction because the harm-causing instrumentality was the plexiglass and not the truck and camper from which it blew. However, the jury could have found that appellee did not know or could not have known that the plexiglass was atop the camper, and therefore, did not breach his duty to use ordinary care. The jury was entitled to know that it could infer negligence from the fact that the camper was under appellee's exclusive control and he had a duty to use ordinary care

regarding it. We find that the trial court abused its discretion in not instructing the jury on *res ipsa loquitur* because the appellee had exclusive control over his camper.

 We affirm the trial court's evidentiary and discovery rulings. However, because we find the appellant was entitled to an instruction on *res ipsa loquitur*, we reverse and remand for a new trial. Because we are remanding for a new trial, we need not address appellant's claim that the trial court erred in denying him leave to amend his claim to add punitive damages.

Affirmed in part; reversed and remanded in part.

ROBBINS, C.J., STROUD and ROAF, JJ., agree.

PITTMAN and ROGERS, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. I dissent because I do not agree that appellant was entitled to an instruction on *res ipsa loquitur*. Under the doctrine of *res ipsa loquitur*, it is vital to show that the instrumentality causing the injury was under the exclusive control of the defendant. *Ford Motor Co. v. Gornatti*, 253 Ark. 237, 486 S.W.2d 10 (1972). Therefore, the doctrine will not apply if the accident might have been in part due to the act of a third person over whom the defendant had no control. 57B AM. JUR. 2D, *Negligence* § 1876 (1989). Other responsible causes, including the conduct of third persons, must be sufficiently eliminated by the evidence. *Biggs v. Logicon, Inc.*, 663 F.2d 52 (8th Cir. 1981); *see* Robert A. Leflar, *Res Ipsa Loquitur in Arkansas*, 8 ARK. L. BULLETIN 43, 55 (1940). The doctrine is never applicable if the evidence shows that the instrumentality had been tampered or meddled with by someone other than the defendant, such as a third person. 57B AM. JUR. 2D *Negligence* § 1878 (1989).

In the present case the defendant testified that the instrumentality, *i.e.*, the Plexiglass sheet, did not belong to him and that he did not know where it came from or how it came to be on the roof of his camper. He further testified that he was unable to see the roof of his camper from ground level and was unaware that the Plexiglass was there when he left to go to work. Finally, he testified that he lived on a busy street, next to a gas station and a lumber yard; that there was heavy pedestrian traffic in the area; and that objects frequently fell off passing trucks. Given this testimony, and the

evidence that the defendant's truck was parked in his yard unattended for approximately two hours prior to the accident, there was substantial evidence that the Plexiglass was not under defendant's exclusive control at the time of the negligent act. Consequently, the trial judge did not err in refusing to give the *res ipsa loquitur* instruction. *Eisner v. Fields*, 67 Ark. App. 238, 998 S.W.2d 421 (1999) (trial judge did not abuse his discretion in refusing the instruction because there was substantial evidence that the injury was not caused by the thing or instrumentality under the control of the appellant).

I respectfully dissent.

ROGERS, J., joins in this dissent.

JUDITH ROGERS, Judge, dissenting. I concur with the dissenting opinion of Judge Pittman in this matter. I write separately, however, because I am concerned that the majority, in attempting to exercise what it believes to be fairness, has usurped the discretion of the trial judge and has extended the giving of a *res ipsa loquitur* instruction to more liberal situations than historically allowed in Arkansas.

Historically, the *res ipsa loquitur* instruction has been reserved for cases where the instrumentality is within the exclusive control of one party. *See Earnest v. Joe Works Chevrolet, Inc.*, 295 Ark. 90, 746 S.W.2d 554 (1988). The giving of this instruction until now has always been a discretionary call for the trial judge, which we did not reverse in the absence of abuse. *Edwards v. Stills*, 335 Ark. 470, 984 S.W.2d 366 (1998); *Coca-Cola Bottling Co. v. Priddy*, 328 Ark. 666, 945 S.W.2d 355 (1997); *Transit Homes, Inc. v. Bellamy*, 282 Ark. 453, 671 S.W.2d 153 (1984); *Eisner v. Fields*, 67 Ark. App. 238, 998 S.W.2d 421 (1999). A party is entitled to a jury instruction when it is a correct statement of the law and there is some basis in the evidence to support the giving of the instruction. *Coca-Cola Bottling Co., supra.* However, we have consistently held that where there are alternate explanations of the ultimate cause of an injury, the trial court does not abuse its discretion in refusing the *res ipsa loquitur* instruction. *See, e.g., Eisner, supra* (no abuse of discretion even though expert testified that it was unlikely the infection arose anywhere outside of the doctor's office); *Transit Homes, supra* (no abuse of discretion where the defendant did not have sole control of

wheel which caused accident where wheel fell off of RV being transported by defendant).

I am concerned that the reasoning employed in the majority opinion will deprive the trial judge of the discretion to make that determination in the future. I respectfully dissent.