Ronnie BARKER *v*. Charles CLARK

00-424                                    33 S.W.3d 476

Supreme Court of Arkansas
Opinion delivered November 30, 2000

*Callis L. Childs*, for appellant.

*Matthews, Sanders & Sayes*, by: *Doralee Idleman Chandler* and *Roy Gene Sanders*, for appellee.

D ONALD L. CORBIN, Justice. ▇ Appellant Ronnie Barker and Appellee Charles Clark both petition this court for review from a 4–2 decision by the Arkansas Court of Appeals. In *Barker v. Clark*, 69 Ark. App. 375, 13 S.W.3d 190 (2000), the court of appeals affirmed the decision of the Faulkner County Circuit Court limiting discovery on the issues of Appellee's driving record and liability insurance, but reversing the trial court's denial of a jury instruction on the doctrine of *res ipsa loquitur* and remanding the matter for a new trial. Our jurisdiction of this matter is pursuant to Ark. Sup. Ct. R. 1–2(e)(ii). When we grant review following a decision by the court of appeals, we review the case as though it had been originally filed with this court. *Matthews v. Jefferson Hosp. Ass'n*, 341 Ark. 5, 14 S.W.3d 482 (2000). We affirm the decision of the trial court.

The record reflects that on the evening of July 21, 1996, a two-by-four piece of plexiglass flew off of Appellee's truck's camper shell and struck Appellant's vehicle, breaking the windshield and damaging the body of the vehicle. Both parties pulled to the side of the road, where Appellant told Appellee what had happened. Appellee denied owning any plexiglass, and stated that he did not know how the plexiglass came to rest on top of his truck's camper shell. Appellee explained that he lived right off the highway, next to a gas station and lumber yard, and that it was possible that the plexiglass had fallen off of a passing truck and had then been tossed on top of his truck. Police responded to the scene of the accident, and Appellee presented Officer Screeton with a Texas driver's license. No traffic citations were issued. Appellee ultimately left the scene of the accident with the piece of plexiglass.

Appellant successfully pursued a negligence claim against Appellee in municipal court, and was awarded $1,738.82 in damages. Appellee appealed that decision to the circuit court, and a jury trial was held on February 26, 1999. Prior to the trial, Appellant sought discovery of certain information that he believed to be impeachment evidence. This information included Appellee's addresses for the last fifteen years; the disclosure of any moving violations of Appellee's for the last fifteen years; and information related to Appellee's vehicular insurance for the last fifteen years.

Appellant argued that all of this information was relevant for his preparation of cross-examination of Appellee. Appellant pointed out that Appellee's Texas license had been suspended thirteen years ago, after he received four speeding tickets in one year. Appellant contended that the information about any moving violations was relevant because it could prove that Appellee had a motive for lying to police regarding his ownership of the plexiglass. The trial court ordered Appellee to provide Appellant with the information regarding his addresses for the last fifteen years, and also ordered Appellee to disclose information about any moving violations that involved overloading or failure to secure a load. The trial court denied Appellant's remaining request.

At trial, Appellant attempted to elicit testimony regarding a computer printout that showed that Appellee's Texas driver's license number differed from the number included in the police incident report. Appellant argued that Appellee presented Officer Screeton with a fraudulent driver's license. The trial court sustained Appellee's hearsay objection to the introduction of the printout. Appellant also sought a jury instruction on the theory of *res ipsa loquitur*. The trial court denied the proffered instruction, ruling that the case was a simple negligence action. The jury returned a verdict in favor of Appellee. Appellant then appealed the trial court's order limiting discovery and its order refusing the *res ipsa* instruction. The court of appeals affirmed on the evidentiary and discovery issues, but reversed and remanded for a new trial on the issue of *res ipsa loquitur*. We affirm the trial court's rulings.

## I. Evidentiary Issues

For his first point on appeal, Appellant argues that the trial court abused its discretion when it denied his request for discovery of impeachment evidence. Appellant argues that the information sought was relevant and went to Appellee's state of mind, credibility, bias, motive, and intent for giving a fraudulent driver's license. Specifically, Appellant alleged that Appellee had a pecuniary interest in avoiding the filing of an insurance claim against him. We decline to address the pecuniary-interest argument because Appellant failed to obtain a ruling on that issue. The record demonstrates that the trial court simply denied Appellant's discovery request on the ground that the information sought was irrelevant. It is well

settled that the failure to obtain a ruling from the trial court is a procedural bar to our consideration of the issue on appeal. *See Ross Explorations, Inc. v. Freedom Energy, Inc.*, 340 Ark. 74, 8 S.W.3d 511 (2000) (citing *Vanderpool v. Fidelity & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997); *Howard v. Northwest Arkansas Surgical Clinic*, 324 Ark. 375, 921 S.W.2d 596 (1996)).

■ ■ Turning now to the issue of relevancy, Ark. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." This court has held that the trial court's findings regarding relevancy of evidence are entitled to great weight, and will not be reversed absent an abuse of discretion in this matter. *Travelers Ins. Co. v. Smith*, 338 Ark. 81, 991 S.W.2d 591 (1999); *Arthur v. Zearley*, 337 Ark. 125, 992 S.W.2d 67 (1999). Here, the information sought about Appellee's prior traffic violations or problems with insurance were in no way relevant to the issue of whether Appellee was negligent in this instance. Moreover, the trial court correctly ruled that information related to Appellee's liability insurance could not be introduced into evidence. *See Hively v. Edwards*, 278 Ark. 435, 646 S.W.2d 688 (1983) (holding that evidence of liability insurance ordinarily excluded because of its lack of relevance).

■ Appellant also argues that it was error for the trial court to preclude Officer Screeton from testifying about a computer printout that showed Appellee's Texas driver's license number differed from the number included in the police incident report. The trial court ruled that such testimony amounted to inadmissable hearsay evidence. The printout was not offered into evidence, and the officer asked to testify about the printout was not the person who compiled the information. We have held that a trial court is accorded wide discretion in evidentiary rulings, and will not be reversed on such rulings absent a manifest abuse of discretion. *See Kail v. State*, 341 Ark. 89, 14 S.W.3d 878 (2000). Accordingly, we cannot say that the trial court abused its discretion.

## II. Res Ipsa Loquitur

For his second point on appeal, Appellant contends that the trial court erred in refusing to submit a jury instruction on the theory of *res ipsa loquitur*. The following instruction was proffered by Appellant:

> In addition to the rules of law I have just stated with respect to ordinary care and negligence there are situations in which a jury may, but is not required to, draw an inference of negligence from the manner in which the alleged property damage occurred.
>
> Ronnie Barker asserts that this case involves such a situation, and therefore he has the burden of proving each of the two essential propositions:
>
>> First: That the alleged property damage was attributable to the plexiglass coming off of the truck camper shell which was under the exclusive control of Charles Clark.
>>
>> Second: That in the normal course of events, no property damage would have occurred if Charles Clark had used ordinary care while the plexiglass on the truck camper shell was under his exclusive control.
>
> If you find that each of these two propositions has been proved by Ronnie Barker, then you are permitted, but not required, to infer that Charles Clark was negligent.

██ ██ A party is entitled to a jury instruction when it is a correct statement of the law and there is some basis in the evidence to support the giving of the instruction. *Zearley*, 337 Ark. 125, 992 S.W.2d 67; *Coca-Cola Bottling Co. v. Priddy*, 328 Ark. 666, 945 S.W.2d 355 (1997); *Parker v. Holder*, 315 Ark. 307, 867 S.W.2d 436 (1993). We will not, however, reverse a trial court's refusal to give a proffered instruction unless there was an abuse of discretion. *Edwards v. Stills*, 335 Ark. 470, 984 S.W.2d 366 (1998); *Priddy*, 328 Ark. 666, 945 S.W.2d 355.

██ In order for the doctrine of *res ipsa loquitur* to be applicable, there are four essential elements that must be established: (1) the defendant owes a duty to the plaintiff to use due care; (2) the accident is caused by the thing or instrumentality under the control of the defendant; (3) the accident that caused the injury is one that, in the ordinary course of things, would not occur if those having

control and management of the instrumentality used proper care; and (4) there is absence of evidence to the contrary. *National Bank of Commerce v. Quirk*, 323 Ark. 769, 918 S.W.2d 138 (1996); *Schmidt v. Gibbs*, 305 Ark. 383, 807 S.W.2d 928 (1991).

■ In describing the doctrine of *res ipsa loquitur*, this court has stated:

> The doctrine of *res ipsa loquitur* was developed to assist in the proof of negligence where the cause of an unusual happening connected with some instrumentality in the exclusive possession and control of the defendant could not be readily established by the plaintiff. The theory was that *since the instrumentality was in the possession of the defendant*, justice required that the defendant be compelled to offer an explanation of the event or be burdened with a presumption of negligence.

*Reece v. Webster*, 221 Ark. 826, 829, 256 S.W.2d 345, 347 (1953). This presumption is limited to situations where the defendant's negligence has been substantially proven. *See Coca-Cola Bottling Co. v. Hicks*, 215 Ark. 803, 223 S.W.2d 762 (1949). In fact, there, this court said: "To make certain that the injury has not been caused by somebody else, through some intervening negligence, it is ordinarily required that the instrumentality causing injury have been in defendant's exclusive possession and control up to the time of the plaintiff's injury." *Id.* at 807-08, 223 S.W.2d at 765.

The proffered instruction in the instant action argued that the both the truck's camper shell and the sheet of plexiglass were under Appellee's exclusive control. There is no doubt that the truck's camper shell was under the exclusive control of Appellee at the time of the accident. There was no proof, however, that the plexiglass, which was the instrumentality in this case, was under the exclusive control of Appellee. In denying the proposed instruction, the trial court stated that the doctrine was not applicable, as the element of exclusive control was missing here. The trial court explained that there were other reasonable theories that could take the plexiglass out of Appellee's control.

■ This court has held that it will not apply the doctrine of *res ipsa loquitur* when all other responsible causes, such as the conduct of the plaintiff or third persons, are not sufficiently eliminated. *Gann v. Parker*, 315 Ark. 107, 865 S.W.2d 282 (1993); *Hicks*, 215

Ark. 803, 223 S.W.2d 762. In other words, this court has consistently held that the element of exclusive control is essential to proving a case under a theory of *res ipsa loquitur*. *See Earnest v. Joe Works Chevrolet, Inc.*, 295 Ark. 90, 746 S.W.2d 554 (1988) (lack of exclusive control of the instrumentality precluded any application of the doctrine of *res ipsa loquitur*); *Phillips v. Elwood Freemen Co.*, 294 Ark. 548, 745 S.W.2d 127 (1988) (denial of *res ipsa loquitur* instruction proper where there was no evidence that an instrumentality under the control of the appellee was the only possible cause of the appellant's injuries); *Transit Homes, Inc. v. Bellamy*, 282 Ark. 453, 671 S.W.2d 153 (1984), *overruled on other grounds*, 314 Ark. 8, 858 S.W.2d 680 (1993) (doctrine of *res ipsa loquitur* should be applied when the evidence shows that the defendant alone was in control of the object causing the loss); *Brantley v. Stewart Bldg. & Hdwr. Supp.*, 274 Ark. 555, 626 S.W.2d 943 (1982) (*res ipsa loquitur* doctrine is not applicable where there was no evidence that the instrumentality was under the exclusive control of the appellee).

▇▇▇ Finally, we are unpersuaded by Appellant's contention that the element of exclusive control is not essential to this doctrine. Appellant's reliance on this court's decision in *Stalter v. Coca-Cola Bottling Co. of Ark.*, 282 Ark. 443, 669 S.W.2d 460 (1984), to support his contention is misleading. He cites *Stalter* for the proposition that the control requirement is not always equivalent to exclusive control. At issue in that case, however, was the negligence of multiple defendants. In that opinion, this court noted that when there are multiple defendants, no one defendant will maintain exclusive control, but that fact does not preclude a theory of *res ipsa loquitur*. Based on a review of this court's prior treatment of the doctrine of *res ipsa loquitur*, it appears that the trial court correctly denied Appellant's proffered instruction.

Because we affirm the rulings of the trial court, it is not necessary for us to address Appellant's final argument that the trial court erred in refusing to allow Appellant to amend his complaint to add a claim for punitive damages.

Affirmed on direct appeal; court of appeals reversed.

BROWN and THORNTON, JJ., dissent.

RAY THORNTON, Justice, dissenting. In my view, the majority opinion is erroneous, and I respectfully dissent

from the majority's view. This case turns on the question of whether the trial court erred in refusing to submit to the jury a requested instruction on the doctrine of *res ipsa loquitur* allowing the jury to infer negligence on the part of Charles Clark, the owner and operator of a pickup truck and camper shell. The accident in question occurred when a sheet of plexiglass, approximately three-feet wide by four-feet long, sailed from the top of Clark's camper and hit the windshield of appellant Barker's following vehicle, causing substantial damage. Both vehicles pulled over, and, after a police investigation, Clark put the plexiglass back in his truck and drove away. Accepting Clark's contention that he did not know that the plexiglass was on top of his camper, a defense that raises a fact question appropriate for consideration by the jury, the trial court ruled that the doctrine of *res ipsa loquitur* was not applicable and that the instruction allowing the jury to decide whether an inference of negligence might be drawn from the circumstances of the accident was not required.

The court of appeals reversed, finding that the instruction was proper and should have been given. We granted review and the majority reverses that decision. I respectfully dissent on the basis that the requested instruction was a correct statement of the law, and would have allowed the jury to decide whether or not to draw an inference of negligence from the manner in which the property damage occurred.

The doctrine of *res ipsa loquitur* is well established in Arkansas and other jurisdictions. It represents an application of the ordinary rules pertaining to circumstantial evidence in negligence cases stemming from accidents having particular characteristics. When the doctrine is invoked, an inference of negligence may be drawn solely from the happening of the accident upon the theory that certain occurrences contain within themselves a sufficient basis for an inference of negligence. Richardson, *Evidence* § 93, at 68 (Prince 10th ed). The rule simply recognizes what we know from our everyday experience: that some accidents, by their very nature, would ordinarily not happen without negligence. *Id.* *Res ipsa loquitur* does not create a presumption in favor of the plaintiff, but merely permits the inference of negligence to be drawn from the circumstances of the occurrence. The rule has the effect of creating a *prima facie* case of negligence sufficient for submission to the jury, and the jury may — but is not required to — draw the permissible inference. *Id.*

Once the plaintiff in the case *sub judice* established that the defendant owed a duty of care to the plaintiff, that the accident was caused by a thing or instrumentality under the defendant's control, that the accident was one that, in the ordinary course of things, would not have occurred if the defendant had used proper care, and that there was an absence of evidence to the contrary, a showing of circumstances supporting an inference of negligence existed for submission to the fact finder, which might have accepted or rejected the inference in the factual determination of whether the defendant was negligent. *See Stalter v. Coca-Cola Bottling Co. of Ark.*, 282 Ark. 443, 669 S.W.2d 460 (1984); *Harvey v. Metropolitan Util. Dist. of Omaha*, 246 Neb. 780, 523 N.W. 2d 372 (1994). The instruction proffered by Barker did not direct the jury to make a finding of negligence based upon the principle of *res ipsa loquitur*. Rather, the jury would have been asked to determine whether the circumstances of this case would support an inference of negligence. The proffered instruction is as follows:

> In addition to the rules of law I have just stated with respect to ordinary care and negligence, there are situations in which a jury may, but is not required to, draw an inference of negligence from the manner in which the alleged property damage occurred.
>
> Ronnie Barker asserts that this case involves such a question, and therefore has the burden of proving each of two essential propositions:
>
>> First: That the alleged property damage was attributable to the plexiglass coming off of the truck camper shell, which was under the exclusive control of Charles Clark.
>>
>> Second: That in the normal course of events, no property damage would have occurred if Charles Clark had used ordinary care while the plexiglass on the truck camper shell was under his exclusive control.
>
> If you find that each of these two propositions has been proved by Ronnie Barker, then you are permitted, but not required, to infer that Charles Clark was negligent.

Upon receiving this instruction, the jury could consider any evidence presented by Clark, such as the assertion that an unknown third party might have placed the plexiglass on top of his truck, and

weighed this evidence in determining the question whether Clark's actions were negligent.

The trial court declined to give the requested instruction because it resolved the question of fact as to how the plexiglass got on top of the camper in favor of Clark's speculative conjecture that an unknown person might have placed it there. Based upon this self-serving declaration by Clark, the trial court did not pose the question to the jury, ruling that, as a matter of law, the plaintiff had failed to show "exclusive control" of the plexiglass by Clark. In my view the trial court committed reversible error in not presenting the question to the jury.

Exclusive control is a concept with a much broader scope than that urged by appellant or the majority, and does no more than eliminate, within reason, all explanations for the injurious event other than the defendant's negligence. *Qualls v. United States Elevator Corp.*, 863 P. 2d 457 (Okl. 1993). The *Qualls* court noted that their flexible interpretation of the exclusive control requirement was consistent with mainstream American jurisprudence. *Id. (citing* W. Page Keeton *et al., Prosser & Keeton on the Law of Torts* § 39, at 250-51 (5th ed. 1984)). Courts do not generally apply this requirement as it is literally stated, 4 Fowler V. Harper et al. *Torts* § 19.7, at 1086, or as a fixed, mechanical, or rigid rule. Keeton, *supra.* Indeed, the *Restatement (Second ) of Torts*, § 328D, on *res ipsa loquitur*, requires only that other reasonably probable causes be sufficiently eliminated by the evidence. Comment (g) to § 328D adds that: "[e]xclusive control is merely one fact which establishes the responsibility of the defendant; and if can be established otherwise, exclusive control is not essential to a *res ipsa loquitur* case." *Id.* We note further that neither the *Restatement* nor the other authorities or jurisdictions limit the broad treatment of "exclusive control" to those cases involving multiple defendants, as the majority here seeks to do.

Other authorities agree that, when used in the *res ipsa loquitur* context, the term "control" does not require actual physical dominion over an object. 4 Fowler V. Harper *et al., The Law of Torts* § 19.7, at 48 (2d. ed. 1986). To establish exclusive control, the plaintiff need not eliminate with certainty all other possible inferences and causes, but must show only that the likelihood of other causes is so reduced "that the greater probability lies at the defendant's door." *Id.* Requiring a plaintiff to foreclose entirely the possibility

of all causes attributable to anyone other than the defendant would "emasculate the doctrine." *American Elevator Co. v. Briscoe*, 93 Nev. 665, 572 P. 2d 534 (1977).

The general rule that the exclusive control and management of the appliance or thing causing the injury must be shown to have been in the defendant is not applicable in all circumstances and is subject to exceptions where the purpose of the doctrine of *res ipsa loquitur* would otherwise be defeated.   65A C.J.S. *Negligence* § 220.15 (1966). It has been held that the matter of control is only one of the numerous factors to be considered in determining whether or not the doctrine is applicable to a particular accident, and that control by the defendant is no longer an absolute require-ment, provided that the other factors usually required are present, chiefly absence of knowledge on the part of injured party concern-ing the cause of the incident and superior ability of the defendant to explain the occurrence. It has also been held that where a defendant does not have exclusive control of an instrumentality which causes injury, but the plaintiff reasonably eliminates other causes than the defendant's negligence, exclusive control is not necessarily a prereq-uisite to application of the doctrine. *Id.*   A defendant's knowledge of the incident's cause often would exceed, if not indeed supersede, that of the plaintiff. 9 John H. Wigmore, *Evidence* § 2509 at 382 (3d. ed. 19 )("[T]he particular force . . . of [*res ipsa loquitur*], regarded as a presumption throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to [the defendant] but inaccessible to the injured person"). *See also Lambert v. Markley*, 255 Ark. 851, 503 S.W.2d 162 (1973).

In sum, where the proof is conflicting or subject to different inferences, some of which are in favor of and others against the applicability of *res ipsa loquitur*, the question must be left to the jury. The trial court's error came in placing reliance upon the defendant's proffered alternatives and determining, as a matter of law, that exclusive control did not exist. The nature and degree of control must be such that the *reasonable* possibilities point to the defendant and support an inference that he was the negligent party. *Id.* (emphasis added). As the majority notes, this court reviews such decisions *de novo*, and our review of the facts of the case suggests that the alternative explanations offered by the defendant, that some

unknown person came along in the two hours that his truck was unattended outside his home and placed this sheet of plexiglass on the top of his truck, is not sufficiently reasonable to take the evidentiary theory of *res ipsa loquitur* from the jury's consideration. Whether a defendant at the critical point in time had "exclusive control" of an instrumentality in the *res ipsa loquitur* sense often constitutes a mixed question of law and fact, and at the threshold, the issue is one of law for the judge. *Qualls, supra.* This calls for the trial court to decide whether the evidence may lead reasonable persons to reach different conclusions. But here, where the "proof is not so overwhelmingly one-sided as to make the control element a matter of law, the question must go to the jury." *Id.*

First, it is appropriate to address the finding of the trial court, affirmed by the majority, that the instrumentality whose control is at issue was the sheet of plexiglass. In my view, the instrumentality causing the harm was the camper and its cargo, which Clark was obligated under state statute to maintain in a safe condition, so "as not to endanger . . . any other person." Ark. Code Ann. § 27-32-101 (Supp. 1997), and the cause of the accident was "such that the defendant would be responsible for any negligence connected with it." 2 Harper and James, *Torts* § 19.7 at 1086 (quoting Prosser, *Res Ipsa Loquitur in California*, 37 CAL. L. REV. 183 (1949)).

Other cases have held similarly, as in *Forsch v. Liebhardt*, 5 N.J. Super. 75, 68 A. 2d 416 (1949), where, when a cinder block was believed to have fallen from the defendant's truck and struck plaintiff on the street, the court held that it was a jury question "as to whether it was the defendant's truck from which the cinder block fell, causing [plaintiff's] injury, and whether the truck was under the sole management and control of the defendants." *Id.* There, as here, it was the vehicle that was the dangerous instrumentality causing the plaintiff's injury, not simply the falling object, and it was the vehicle which the defendant was charged with the responsibility for controlling and maintaining. Certainly, if the instrumentality causing the damage was the truck and its cargo, Clark had the responsibility to carefully operate his vehicle and its cargo. Even if the plexiglass was the instrumentality, as the majority asserts, the question should have been submitted to the jury. The majority opinion leaves open the question: If Clark was not exercising exclusive control over the instrumentality, who was? Had the question been left for the jury, the fact-finder could then weigh Clark's contention that some

unknown person might have placed it there while his truck was parked for two hours in his front yard. However, the accident did not happen in his front yard. It is undisputed that Clark had exclusive control of his camper and its cargo once he left his front yard, drove to the highway, and merged with the fast-moving traffic. There is no showing that anyone else exercised any control over the movement of the plexiglass; to the contrary, all agree that the camper, and its cargo, were set in motion by Clark's exercise of exclusive control. Without his exercise of exclusive control, the plexiglass would have been no where near the highway. Under these circumstances, the jury should have been instructed that they had the right to decide whether an inference of negligence might be drawn under the doctrine of *res ipsa loquitur.*

Other courts, relying on the Restatement, have held that the plaintiff's evidence of the defendant's responsibility need not be irrefutable; rather, "the plaintiff need only establish enough evidence that, if credited, presents the defendant's negligence as the *most plausible explanation." Giles v. City of New Haven,* 228 Conn. 441, 636 A.2d 1335 (1993)(emphasis added)(*citing Restatement (Second) of Torts,* § 328D, comment (e)("the plaintiff need not . . . conclusively exclude all other possible explanations, and so prove his case beyond a reasonable doubt . . . . It is enough that the facts proved reasonably permit the conclusion that [the defendant's] negligence is the *more probable explanation*")(emphasis added). *See also Wheeler v. Koch Gathering Systems, Inc.,* 131 F.3d 898 (1997)(exclusive control *reasonably* excludes the activities of third parties having access to the instrumentality which could alternatively be a probable cause of the plaintiff's accident)(emphasis added).

[O]nce a plaintiff has presented sufficient evidence to bring himself within the operation of the doctrine, the burden of going forward with evidence to explain the accident is cast upon the defendant . . . . The burden of proof, however, does not shift, and the plaintiff must prove her case by a preponderance of the evidence. Accordingly, the defendant is free to rebut the inference provided by the doctrine; nevertheless, even though the defendant comes forward with an explanation of the accident, the inference of negligence does not disappear from the case, but remains and is placed upon the scales to be weighed by the trier of fact with any and all explanations and other evidence.

*Giles, supra.*

The trial court erred in failing to submit the requested instruction to the jury, and the case should be reversed and remanded for a new trial on this point. I am authorized to state that Justice BROWN joins in this dissent.

Dissent.