Wayne GAFFORD *v.* Philip COX

CA 03-382 129 S.W.3d 296

Court of Appeals of Arkansas
Division I
Opinion delivered November 19, 2003

*R. Theodore Stricker*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *D. Keith Fortner*, for appellee.

*The Brad Hendricks Law Firm*, by: *George R. Wise, Jr.*, *amicus curiae*, for Arkansas Trial Lawyers Association.

OLLY NEAL, Judge. Appellant, Wayne Gafford, appeals the Pulaski County Circuit Court's grant of appellee Philip Cox's motion for summary judgment. On appeal, he argues that the grant of summary judgment was improper because the exclusive remedy provision of Ark. Code Ann. § 11-9-105 (Repl. 2002) does not apply to the facts of this case. We affirm.

Appellant and appellee worked for Sears, Roebuck and Company (Sears). On July 2, 1999, appellant was a passenger in a vehicle owned by Sears that was being driven by appellee to a service call. While en route, they were involved in an automobile accident when appellee failed to "yield" at a stop sign. As a result, appellant was injured. He filed suit against appellee seeking damages that he alleged were the result of appellee's negligent operation of the vehicle. Appellee moved for summary judgment, alleging that he was immune from suit because he was performing the employer's duty to provide a safe workplace and that Ark. Code Ann. § 11-9-105 provided that workers' compensation was appellant's exclusive remedy. Following a hearing on appellee's motion for summary judgment, the trial court found that it lacked subject-matter jurisdiction and thereby granted appellee's motion for summary judgment. Appellant now appeals.

 Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Elam v. Hartford Fire Ins. Co.*, 344 Ark. 555, 42 S.W.3d 443 (2001). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* On appellate review, we review the evidence in the light most favorable to the party resisting the motion for summary judgment, and resolve all doubts and inferences in the resisting party's favor. *Wilson v. Rebsamen Ins., Inc.*, 330 Ark. 687, 957 S.W.2d 678 (1997).

 Appellant now argues that the grant of summary judgment was in error because the "exclusive remedy" provision of Ark. Code Ann. § 11-9-105 does not apply to the fact situation of this case and that the dismissal for lack of subject-matter jurisdiction was improper. Arkansas Code Annotated section 11-9-105 provides in pertinent part:

(a) The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal

representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a co-employee shall not be imputed to the employer.

However, Ark. Code Ann. § 11-9-410(a)(1)(A) provides:

[t]he making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make a claim or maintain an action in court against *any third party* for the injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in the action.

(Emphasis added.) See also *Wilson v. Rebsamen Ins., Inc., supra.* Our supreme court has held that a negligent co-employee is a third party and that our workers' compensation law does not prevent an employee from maintaining an action for the negligence of a fellow employee. *King v. Cardin,* 229 Ark. 929, 319 S.W.2d 214 (1959).

In *Neal v. Oliver,* 246 Ark. 377, 438 S.W.2d 313 (1969), it was held that an employer can not delegate its duty to provide a safe work place to an employee. *See also Allen v. Kizer,* 294 Ark. 1, 740 S.W.2d 137 (1987). Our supreme court later adopted the majority view that a supervisory employee was immune from suit for failure to provide a safe workplace. *Simmons First Nat'l Bank v. Thompson,* 285 Ark. 275, 686 S.W.2d 415 (1985). This immunity was later extended to non-supervisory employees who failed to provide a safe place to work when the injury occurred. *Allen v. Kizer, supra.* In *Brown v. Finney,* 326 Ark. 691, 932 S.W.2d 769 (1996), our supreme court held that co-employees who are performing the employer's duty to provide a safe workplace are immune from suit under Ark. Code Ann. § 11-9-105. Currently we recognize that in addition to the employer, Ark. Code Ann. § 11-9-105 extends immunity to the employer's workers' compensation carrier and to co-employees if at the time of the injury they were performing the employer's duty to provide a safe workplace. *Wilson v. Rebsamen Ins., Inc., supra.*

■■ In support of his motion for summary judgment, appellee submitted an affidavit in which he stated that, on the day of the accident, he was training appellant. He said that his duties included transporting equipment and appellant to and from the service locations. In *Rea v. Fletcher*, 39 Ark. App. 9, 832 S.W.2d 513 (1992), we held that an employee responsible for transporting fellow employees to and from a work site involved the duty of providing a safe place to work. Here, appellant failed to contradict appellee's affidavit. Although appellant makes a strong argument, under the doctrine of stare decisis we are bound to follow prior case law. *Chamberlin v. State Farm Mut. Auto. Ins., Co.*, 343 Ark. 392, 36 S.W.3d 281 (2001). Thus, when we view the evidence in a light most favorable to appellant, there was no unresolved question of material fact, and the trial court did not err when it granted appellee's motion for summary judgment.

Affirmed.

GRIFFEN and BAKER, JJ., agree.