SHERWOOD FOREST MOBILE HOME PARK *v.*
CHAMPION HOME BUILDERS COMPANY

CA 04-255                                                    199 S.W.3d 707

Court of Appeals of Arkansas
Opinion delivered December 8, 2004

[Rehearing denied January 9, 2005.]

*Davidson Law Firm, Ltd.*, by: *Matthew D. Wells* and *Charles Darwin Davidson*, for appellant.

*Wright, Lindsey, & Jennings, LLP,* by: *Kyle R. Wilson, Regina A. Spaulding,* and *Blake S. Rutherford*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. This negligence, breach of warranty, and product liability case arose out of a fire that damaged appellant's mobile home three weeks after delivery. The mobile home was manufactured by appellee, Champion Home Builders Co. Appellee's motion for summary judgment was granted, the trial court ruling that appellant had failed to present proof of all the essential elements of its claims against appellee. On appeal, appellant argues that the trial court erred in so concluding, and in granting summary judgment in favor of appellee. We affirm.

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Stoltze v. Arkansas Valley Electric Coop. Corp.*, 354 Ark. 601, 127 S.W.3d 466 (2003). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Gafford v. Cox*, 84 Ark. App. 57, 129 S.W.3d 296 (2003). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Flentje v. First National Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000). All proof submitted must be viewed in the light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Id.* Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appeal, the reviewing court need only decide if the grant of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Liberty Mutual Insurance Co. v. Whitaker*, 83 Ark. App. 412, 128 S.W.3d 473 (2003). In making this decision, we view the evidence in a light most favorable to the party against whom the motion was filed, resolv-

ing all doubts and inferences against the moving party. *Saine v. Comcast Cablevision*, 354 Ark. 492, 126 S.W.3d 339 (2003). Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

Reviewing those documents in the light most favorable to appellant, it appears that appellant purchased a mobile home manufactured in Alabama by appellee. The mobile home was purchased from a retailer, Magic City Mobile Homes, and delivered to appellant's site in Arkansas by S & S Transport. Upon arrival at appellant's site, appellant added a covered porch and an additional room to the mobile home. Lights were installed in the additional room and porch and were wired into two new circuit breakers installed in the mobile home's breaker panel. The mobile home had been in use for approximately fifteen to twenty days after delivery when it was completely destroyed by fire on the morning of December 10, 2001. Six men had stayed at the mobile home the night before the fire, but they all had been gone for approximately one hour and forty-five minutes before a call to the local fire department reported that the mobile home was afire. No one had smoked in the mobile home, and expert investigation indicated that the cause of the fire was energized electrical wiring near electrical outlets in the northwest bedroom.

Appellant argues that a genuine issue of material fact existed as to its negligence claim because the doctrine of *res ipsa loquitur* allows negligence to be inferred in this case. We disagree.

The origin and purpose of the doctrine of *res ipsa loquitur* were discussed by the Arkansas Supreme Court in *Reece v. Webster*, 221 Ark. 826, 256 S.W.2d 345 (1953):

> The doctrine of *res ipsa loquitur* was developed to assist in the proof of negligence where the cause of an unusual happening connected with some instrumentality in the exclusive possession and control of defendant could not be readily established by the plaintiff. The theory was that since the instrumentality was in the possession of the defendant, justice required that the defendant be compelled to offer an explanation of the event or be burdened with a presumption of negligence.

*Id.* at 829, 256 S.W.2d at 347.

Four essential elements must be established in order for the doctrine of *res ipsa loquitur* to be applicable: (1) the defendant must owe a duty to the plaintiff to use due care; (2) the accident

must be caused by the thing or instrumentality under the control of the defendant; (3) the accident that caused the injury must be one that, in the ordinary course of things, would not occur if those having control and management of the instrumentality used proper care; and (4) there must be an absence of evidence to the contrary. *Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476 (2000). In addition, it must be shown that the instrumentality causing the injury was in the defendant's exclusive possession and control at the time of the injury. *Id.*

The lynchpin of appellant's argument is its assertion that the electrical system of the mobile home was inaccessible once the walls were put in place by the appellee manufacturer, and that the electrical system therefore should be regarded as remaining within appellee's exclusive control even after the home left the factory. However, appellant's own expert provided evidence to the contrary when he testified that the fire was most likely caused by low resistance heating in the electrical wiring of the manufactured home; that low resistance heating typically occurs when an electrical connection has come loose; and that electrical connections can be loosened by highway vibration during transport. Here, it is undisputed that the mobile home was transported by a third party unrelated to the appellee. Appellant argues that we should discount transportation as a possible cause because manufactured homes are, by their nature, intended to be transported. This argument, however, assumes that the mobile home in this case was transported by the third party carefully, without incident or negligence, and there is nothing in the record describing the manner in which the manufactured home was transported between Alabama and Arkansas that would permit a conclusion that an instrumentality under the control of the appellee was the only possible cause of the fire. *Cf. Lane v. Redman Mobile Homes Inc.*, 5 Kan. App. 2d 729, 624 P.2d 984 (1981) (vibration of wiring not an intervening cause of a mobile home fire where vibration occurred during *normal use*). In the absence of such indication, we hold that the trial court did not err in concluding that appellant failed to establish the "exclusive control" requirement of *res ipsa loquitur*. *See Campbell Soup Co. v. Gates*, 319 Ark. 54, 889 S.W.2d 750 (1994).

Appellant also advances the novel arguments that the doctrine of *res ipsa loquitur* should apply to its warranty and product

liability claims so as to permit inference of a defect. Given our holding that appellant failed to establish the essential elements of *res ipsa loquitur*, we need not further address these arguments.

Affirmed.

HART and VAUGHT, JJ., agree.