Helen M. BRANTLEY and Nall BRANTLEY *v.*
STEWART BUILDING AND HARDWARE
SUPPLIES, INC.

81-180                                          626 S.W. 2d 943

Supreme Court of Arkansas
Opinion delivered January 18, 1982

556

*Sanford L. Beshear, Jr.* and *Edward L. Staten, P.A.,* for appellants.

*Coleman, Gantt, Ramsey & Cox,* by: *Martin G. Gilbert,* for appellee.

JOHN I. PURTLE, Justice. The appellants sued the appellee for injuries received by one of the appellants, Helen M. Brantley, while she and her husband, Nall Brantley, were shopping in appellee's hardware store. She pled ordinary negligence and res ipsa loquitur. The court refused an instruction on res ipsa loquitur and the jury returned a verdict for the appellee. A motion for new trial was denied.

On appeal it is argued: (1) the jury verdict was not supported by substantial evidence; (2) the trial court improperly instructed the jury as to appellants' burden of proof; (3) the court erred in submitting to the jury the question of Helen Brantley's negligence; and, (4) the court erred in refusing to give the appellants' requested instruction on res ipsa loquitur (AMI Civil 611).

The facts reveal that appellants, Helen M. and Nall Brantley, went into appellee's hardware store for the purpose of making a purchase. Mrs. Brantley made a selection and during the process of paying for the item, a pipe rolled off the checkout counter and struck her foot thereby causing injuries. At the trial Mrs. Brantley denied any acts of negligence and argued it was the negligence of the appellee which caused her injury. The only testimony regarding Mrs. Brantley's negligence was elicited from her on cross-examination wherein the appellee's attorney asked her if it were "possible" that she touched the pipe at the time she was paying for her purchase. Her response was to the effect that she "supposed it was possible." There is no statement by anyone else reflecting any negligence on the part of Mrs. Brantley. There was no evidence indicating the manner in which the pipes were placed on the checkout counter. There were two or three pipes on the counter which did not roll off. In fact, both the appellants and the appellee denied even knowing the name of the clerk who waited on Mrs. Brantley. The appellee's employees testified that the pipes were never displayed on the counter but were displayed in a vertical position in another section of the store. At the close of the evidence no witness had testified as to the length of time nor the manner in which the pipes had been resting upon the counter.

The instructions given by the court were a source of considerable disagreement between the parties. The complaint alleged negligence on the part of the appellee and also claimed res ipsa loquitur. The answer denied any negligence and asserted that the injuries were due to appellant's own negligence.

We first consider whether the verdict was supported by

substantial evidence. The appellants alleged negligence, and it was their duty to prove it unless the doctrine of res ipsa loquitur applied. Mrs. Brantley testified she did not touch the piece of pipe before it rolled onto her foot. However, the evidence shows that the pipe rolled off at the time when she was reaching for her change from the sales clerk at the checkout counter. It is as probable that Mrs. Brantley touched the pipe as it is that the clerk touched the pipe. This is a matter clearly within the discretion of the jury. Under the negligence theory of the case the appellee had no burden of proving that it was free from negligence. Therefore, in the absence of a res ipsa loquitur situation, the appellants failed to persuade the jury that the appellee was negligent.

The appellants then argue that the jury was improperly instructed. Appellants argue the court improperly gave AMI 1105 as modified. Instead, they insisted that AMI 1104 should have been given. They argue that AMI 1105 is a "slip and fall" situation and that this was not the case before the court. In view of the fact that we are later holding that this was not a res ipsa loquitur case we think the court properly gave AMI 1105.

Another argument is that the court should not have given AMI 305 (b) but should have given AMI 305 (a) as tendered by the appelants. AMI 305 (a) stated that it was the duty of the defendant to use ordinary care for the safety of the appellants, while 305 (b) stated it was the duty of all persons to use ordinary care for their own safety and the safety of others. Under the circumstances of this case we feel the court properly gave 305 (b) because it requires both parties to use ordinary care.

The appellants further objected to giving AMI 2102 which is the comparative negligence instruction. Again, we think the court was correct in view of this being an ordinary negligence case rather than one involving res ipsa loquitur.

The third point argued is that the court should not have given an instruction on the negligence of Mrs. Brantley. The court gave AMI 206 over the objection of the appellants. This instruction simply says that appellee had a defense

contending that Helen M. Brantley was guilty of negligence which proximately caused her own injuries. The instruction further states that a party who asserts the defense of negligence on the part of a person claiming damage has the burden of proving this defense. We cannot see where this instruction could possibly be prejudicial to the appellants as it requires the appellee to prove the negligence of the appellant under the circumstances in this case. Appellants consider the instruction to be inappropriate based upon their assumption that there was no evidence that Helen M. Brantley was guilty of any negligence whatsoever. We have previously stated that the jury could have determined from the facts that Helen Brantley was negligent. Therefore, it was not error to give this instruction.

Finally, it is argued that the court erred in failing to give the res ipsa loquitur instruction which is AMI 611. This instruction simply states that in addition to the rules of law that the court has given with respect to ordinary care and negligence, there are situations in which a jury may, but is not required to, draw an inference of negligence from the manner in which the alleged injury occurred. In such case the appellants would have had the burden of proving three things: (1) that the alleged injury was attributable to the pipe which was under the exclusive control of the appellee; (2) that in the normal course of the event no injury would have occurred if the appellee had used ordinary care while the pipe was under its exclusive control; and, (3) that appellee in its control of the pipe owed a duty to appellant to use ordinary care. The jury would have been required to find that evidence of all three propositions had been proven by appellant before they would have been permitted to find on behalf of the appellant under this instruction. We cannot find from the evidence presented in this case that the pipe was under the exclusive control of the appellee. The evidence strongly indicates that the pipe had been moved from the display area where it was ordinarily kept by the appellee. Evidence as to this element is simply not in the record. A recent case decided by the Court of Appeals, *Fleming* v. *Wal-Mart, Inc.*, 268 Ark. App. 559, 595 S.W. 2d 241 (1980), deals with the res ipsa loquitur question. In *Fleming* the trial court directed a verdict for the store owner

in a case where the complaint alleged the doctrine of res ipsa loquitur applied. The Court of Appeals stated:

> Absent some evidence of customer abuse or some other unforeseeable or uncontrollable event, which would explain the occurrence in question without negligence on the part of the defendant, it is only logical to conclude that the cabinet fell as the result of the negligence of Wal-Mart, and the doctrine of res ipsa loquitur is applicable. The burden of going forward with the evidence was thus shifted to the defendant at the close of plaintiff's case, and the verdict should not have been directed.

In the present case, there were other possibilities which the jury could consider other than the negligence of the appellee being the sole cause of the appellant's injuries.

By this decision, we do not imply that the theory of res ipsa loquitur cannot be used when there is also presented the question of specific negligence. We held in the very well-reasoned opinion in *Moon Distributors* v. *White,* 245 Ark. 627, 434 S.W. 2d 56 (1968), that both issues could be presented to the jury under proper circumstances.

Affirmed.