# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2977

_____

Paula Dupont; James Dupont,     *

    *

        Appellants,     *

    *    Appeal from the United States

     v.     *    District Court for the Western

    *    District of Arkansas.

Fred's Stores of Tennessee, Inc.,     *

    *

        Appellee.     *

_____

Submitted: March 29, 2011
Filed: August 30, 2011

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

Paula Dupont was shopping at a Fred's Stores of Tennessee, Inc., when plastic bins fell from a display shelf and struck her on the head. Paula and her husband, James (collectively, Duponts), filed a negligence action seeking damages related to her injuries. The case proceeded to trial and a jury returned a verdict in Fred's Stores' favor. The district court[1] dismissed the Duponts' complaint with prejudice. The Duponts appeal. We affirm.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

## I.  BACKGROUND

### A.  Facts

On February 25, 2006, Paula was shopping at Fred's Stores in Holiday Island, Arkansas.  Paula wanted to look at a plastic bin that was sitting on the top shelf of a display.  The shelf itself was somewhere between five feet to five feet six inches high, and three bins were stacked on top of one another.  Paula asked a store employee, Tyler Deatherage, to take the stack of bins down from the shelf.  Deatherage took the bins down and showed them to Paula.  Paula said she was not interested and left the aisle.  Deatherage returned the bins to the top shelf.

After an undetermined amount of time, Paula returned to the same aisle, where the injury occurred.  Asked to describe what happened, Paula responded, "I don't know.  I just remember holding onto the cart.  I was on my knees and my head was hurting, and then some elderly man was standing next to me."  Paula made her way to the pharmacy and reported the incident.  There were no witnesses, but Paula surmised the same three bins she had inspected fell and struck her on the head.

Store employees gave Paula frozen peas as a compress for her head, contacted her family, and arranged for a friend to pick her up from the store.  At the direction of store manager Cinda Clark, employees inspected the scene and found two bins sitting on the floor and one bin sitting in a shopping cart.  Clark later faxed a "Customer Accident Reporting Form" to the corporate office.  The report described the event as "tote hit head" and listed the cause as "plastic totes falling- 3 only fell."

Later that night, Paula went to the emergency room, where she was diagnosed with a cervical strain and a concussion.  Alleging the blow to her head caused continuing "problems with concentration, memory problems, problems staying on task," and depression, the Duponts assert the incident "robbed" Paula of her personality.

## B. Prior Proceedings

The Duponts sued Fred's Stores in the district court, invoking diversity jurisdiction. See 28 U.S.C. § 1332. The Duponts alleged the store was negligent in (1) "[f]ailing to provide a safe premises for [Paula] as a business invitee"; (2) "[f]ailing to properly train and supervise employees as to the proper stacking of merchandise; and" (3) "[o]therwise failing to exercise ordinary care under the circumstances for the safety of [Paula]." The Duponts alleged Fred's Stores' negligence caused Paula past and future "painful and permanent personal injuries," "medical expenses," "loss of wage and salary," "pain, suffering and mental anguish," and caused James loss of consortium.

Pursuant to Fed. R. of Evid. 401 and 403, the Duponts moved before trial to exclude "[a]ny testimony, evidence, comment, or argument, whether in voir dire or in trial, related to the possibility that [Paula] was contributorily negligent." The Duponts argued such evidence was irrelevant, unfairly prejudicial, and would confuse and mislead the jury because (a) Fred's Stores did not plead contributory negligence as an affirmative defense in its answer as required by Arkansas law, and (b) pretrial discovery did not produce any evidence suggesting Paula's negligence caused the accident. The defendant responded in part by moving to amend its answer to allege contributory negligence.

On the eve of trial, the court held a pretrial conference. The district court ruled the defendant could not amend its answer so close to the trial, but allowed Fred's Stores to "ask [Paula] all the things she did wrong and why she did those wrong things." In a written order, the district court denied the Duponts' motion in limine "to the extent that [Fred's Stores would] be permitted to cross-examine Paula Dupont regarding any potential negligence on her part."

A two-day trial ensued. Before closing arguments, the parties argued over the jury instructions. As relevant to this appeal, the Duponts proffered a res ipsa loquitur

-3-

instruction and objected to Instruction No. 16, which was inconsistent with res ipsa loquitur, and Instruction No. 14, which implicated contributory negligence. The district court rejected the res ipsa loquitur instruction and gave Instructions 14 and 16 over the Duponts' objections.

The jury returned a verdict in favor of Fred's Stores, finding the store's negligence, if any, was not the proximate cause of Paula Dupont's damages. The Duponts appeal.

## II.   DISCUSSION
### A.   Motion in Limine

The Duponts first contend "[t]he district court abused its discretion when it denied the Duponts' . . . motion in limine and permitted [Fred's Stores] to elicit testimony regarding any potential negligence on the part of Paula Dupont." Arguing the store "forfeited its contributory negligence defense by failing to plead" it as an affirmative defense, the Duponts maintain Arkansas law prohibits the introduction of evidence related to any negligence arguably attributable to Paula. See, e.g., Downing v. Lawrence Hall Nursing Ctr., 2010 Ark. 175, at 10, __ S.W.3d __, __ (2010) (explaining a defendant must plead and prove an affirmative defense in order for the court to consider it).

The Duponts' argument seeks too much. As a consequence of its pleading lapse, Fred's Stores did not have available the full benefit of a contributory negligence defense. See Ark. Code Ann. § 16-64-122(b) (providing a claimant's recovery for damages be "diminished in proportion to the degree of his or her own fault" unless that fault is "equal to or greater in degree" than the fault chargeable to the defendant, in which case recovery is barred). But the store's failure does not make all evidence relating to Paula's conduct excludable. Evidence of negligent conduct by Paula, had it been presented, would be probative in determining whether the store's conduct was

-4-

the proximate cause of the injury, a central issue in the case.[2]  We hold the denial of the Duponts' motion in limine was not "a clear and prejudicial abuse of discretion." Quigley v. Winter, 598 F.3d 938, 946 (8th Cir. 2010) (standard of review).

### B.    Jury Instructions

The Duponts challenge the jury instructions, claiming the district court abused its discretion by failing to instruct the jury on a res ipsa loquitur theory and by giving Instructions 14 and 16.

#### 1.    Standard of Review

> We review a district court's jury instructions for an abuse of discretion. . . .  Our review is limited to whether the jury instructions, taken as a whole, fairly and adequately represent the evidence and [Arkansas] law in light of the issues presented to the jury. . . .  [E]ven if we find that a district court erroneously instructed the jury, we will reverse only where the error affects the substantial rights of the parties.

Zebley v. Heartland Indus. of Dawson, Inc., 625 F.3d 449, 455 (8th Cir. 2010) (quoting McCoy v. Augusta Fiberglass Coatings, Inc., 593 F.3d 737, 744 (8th Cir. 2010) (internal quotation marks omitted)).

#### 2.    Res Ipsa Loquitur

The Duponts claim they were entitled to a res ipsa loquitur instruction because "there was substantial evidence to support it, and it was a correct statement of the law."

---

[2]Fred's Stores suggested it was unknown whether any customers touched the bins in the time-period between when Deatherage returned the bins to the shelf and the incident.  The store also inferred Paula may have pulled the bins down on herself based on testimony that an inspection of the scene found one bin sitting in a shopping cart and two bins on the floor.  On the other hand, the store never expressly argued Paula was negligent, and asserted Fred's Stores never blamed anyone.

See Friedman & Friedman, Ltd. v. Tim McCandless, Inc., 606 F.3d 494, 499 (8th Cir. 2010) ("A party is entitled to a jury instruction on its theory of the case if the instruction is both legally accurate and supported by the evidence."). The district court did not err in refusing the instruction. The Duponts' proffered instruction correctly stated the law; however, the evidence in the record did not support a res ipsa loquitur theory.

"The doctrine of *res ipsa loquitur* (Latin for 'the thing speaks for itself') had its origins in the 19th-century English case, Byrne v. Boadle, 159 Eng. Rep. 299 (1863), in which a barrel of flour rolled out of a warehouse window and fell upon a pedestrian beneath." Taylor v. Riddell, 896 S.W.2d 891, 893 n.1 (Ark. 1995). "[D]eveloped to assist in the proof of negligence where the cause is connected with an instrumentality in the exclusive control of a defendant," the doctrine "allows the jury to infer negligence from the plaintiff's evidence of circumstances surrounding the occurrence." Schubert v. Target Stores, Inc., 2010 Ark. 466, at 6, __ S.W.3d __, __ (2010).

> In order to invoke the doctrine of res ipsa loquitur, a plaintiff must show that (1) the defendant owes a duty to the plaintiff to use due care; (2) the accident is caused by the thing or instrumentality under the control of the defendant; (3) the accident which caused the injury is one that, in the ordinary course of things would not occur if those having control and management of the instrumentality used proper care; and (4) there is an absence of evidence to the contrary.

Id. at 6-7. Regarding the second element, "it is ordinarily required that the instrumentality causing injury have been in defendant's exclusive possession and control up to the time of the plaintiff's injury" in order "[t]o make certain that the injury has not been caused by somebody else, through some intervening negligence." Barker v. Clark, 33 S.W.3d 476, 480 (Ark. 2000) (quoting Coca-Cola Bottling Co. of Ft. Smith v. Hicks, 223 S.W.2d 762, 765 (Ark. 1949)).

The Duponts failed to establish Fred's Stores had exclusive control of the bins up to the time of Paula's injury. The Arkansas Supreme Court case, <u>Brantley v. Stewart Bldg. & Hardware Supplies, Inc.</u>, 626 S.W.2d 943 (Ark. 1982), informs our analysis. In <u>Brantley</u>, a customer was purchasing product from a hardware store when "a pipe rolled off the checkout counter and struck her foot thereby causing injuries." <u>Id.</u> at 945. The Arkansas Supreme Court affirmed the district court's refusal to include a res ipsa loquitur instruction, holding the doctrine did not apply because the evidence did not show the store had exclusive control of the pipe. <u>See</u> <u>id.</u> at 946. The court explained "[t]he evidence strongly indicate[d] that the pipe had been moved from the display where it was ordinarily kept by the [store]," <u>id.</u>, and it was unclear as to "the length of time" or "the manner in which the pipe[] had been resting upon the counter." <u>Id.</u> at 945. Consequently, "there were other possibilities which the jury could consider other than the negligence of the [store] being the sole cause of the [customer's] injuries." <u>Id.</u> at 946.

As in <u>Brantley</u>, the record here does not foreclose other possible causes of the incident besides negligence by Fred's Stores or its employees. Paula left the aisle for up to twenty minutes after the bins were replaced on the shelf. During this time, the bins were accessible to a number of store customers as the shelf was, at most, only five feet six inches high. There is no evidence in the record of barriers or other restrictions preventing customers from removing merchandise from the top shelf. The post-accident inspection of the aisle revealed one bin sitting in Paula's shopping cart, and two bins "sitting perfectly on the floor," arguably suggesting Paula handled the bins before they fell.

The Duponts contend <u>Fleming v. Wal-Mart, Inc.</u>, 595 S.W.2d 241, 247 (Ark. Ct. App. 1980), compels reversal here because the Arkansas Court of Appeals once applied the doctrine of res ipsa loquitur in a case in which falling merchandise injured a customer. In <u>Fleming</u>, a customer was injured while shopping at a Wal-Mart store by a metal utility cabinet that fell from a display shelf and struck her in the back. <u>See</u>

id. at 243. The customer's husband observed another customer opening and shutting some of the cabinet's doors before the accident. Id. at 246. The court rejected Wal-Mart's argument that this handling of the merchandise constituted an intervening factor defeating the store's exclusive control, noting the accident was, "[a]t most, . . . an unexplained toppling of a merchandise display as a result of ordinary and foreseeable customer handling," which Wal-Mart should have considered in "establishing and maintaining [the] display." Id. at 246-47. Res ipsa loquitur applied, the court reasoned, because Wal-Mart must have been negligent in the absence of "some evidence of customer abuse or some other unforeseeable or uncontrollable event." Id. at 247.

Seizing upon this reasoning, the Duponts imply the doctrine of res ipsa loquitur must apply in this case, where there was no direct evidence Paula or another customer touched the bins. But the Duponts' assertion underestimates the exclusive control requirement. The continuous eyewitness testimony in Fleming conclusively established that no customer, including the plaintiff, negligently handled the cabinet in the moments leading up to the accident. See id. at 246-47. Thus, it could still be said Wal-Mart had exclusive control of the cabinet when it fell, without intervening negligence, from its intended display location. The same cannot be said here because the Duponts cannot account for the time between when the bins were returned to the shelf and the injury.

To the extent the Duponts contend the rationale in Fleming suggests they did not have the burden of eliminating all possible causes other than Fred's Stores' negligence, their contention is inconsistent with the decisions of the Arkansas Supreme Court. See Schubert, 2010 Ark. 466, at 7, __ S.W. 3d at __ (reiterating the presumption afforded by the doctrine of res ipsa loquitur "is limited to situations where the defendant's negligence has been substantially proven"); Barker, 33 S.W.3d at 481 ("This court has held that it will not apply the doctrine of *res ipsa loquitur* when all other responsible causes, such as the conduct of the plaintiff or third persons, are not sufficiently

eliminated.").[3]  "In applying state law, we are bound to apply the law of [Arkansas] as articulated by the [Arkansas Supreme Court]," and while "[w]e may look to decisions of the state's intermediate courts to the extent they contain sound reasoning, . . . [w]e . . . are not bound by [such] decisions."  Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, 621 F.3d 697, 707 (8th Cir. 2010).  Fleming does not change our conclusion, based on Arkansas Supreme Court precedent, that the store did not have exclusive control of the bins at the time of the accident.

The district court did not abuse its discretion in refusing to instruct the jury on the doctrine of res ipsa loquitur.  Because res ipsa loquitur does not apply, we need not decide whether the Duponts are correct in their assertion that giving Instruction 16 was error because it was inconsistent with the res ipsa loquitur doctrine.

### 3.    Instruction No. 14

Finally, we consider the Duponts' challenge to Instruction No. 14.  The Duponts argue the district court erred in giving the instruction "because there was no evidence whatsoever that Paula [] was negligent or the plastic bins fell as a result of anything Paula [] did."  The instruction, which combined Arkansas Model Jury Instructions, Civil (AMI) 305B and 602 (2010), stated:

---

[3]This conclusion is also consistent with cases from other jurisdictions.  See 62 Am. Jur. 2d Premises Liability § 61 (2010) (collecting cases where "the doctrine of res ipsa loquitur has frequently been held inapplicable on the ground that the merchandise was or could have been disarranged by third parties, removing the necessary requirement of exclusive control"); 3 Louis A. Lehr, Jr., Premises Liability § 49:17 (3d ed. West 2011) (collecting cases in support of the proposition that "[r]es ipsa loquitur does not apply in falling merchandise cases where the merchandise could have been disarranged by the customer or third persons, such as where the general public had unfettered access to the display or the article in question had actually been moved, thereby eliminating the storekeeper's exclusive control").

It was the duty of all persons involved in the occurrence to use ordinary care for their own safety and the safety of others. Every person using ordinary care has a right to assume, until the contrary is or reasonably should be apparent, that every other person will use ordinary care. To act on that assumption is not negligence.

Both components of the instruction are intended for cases where the plaintiff's negligence is at issue according to the instructions' notes on use, as well as Arkansas case law. See England v. Costa, 216 S.W.3d 585, 590 (Ark. 2005) (stating "where there is no evidence of contributory negligence, AMI 602 should not be given"); Chi., Rock Island & Pac. R.R. v. Hughes, 467 S.W.2d 150, 153 (Ark. 1971) (recognizing AMI 305B "should be used when negligence on the part of the plaintiff is an issue"). Assuming without deciding it was error to give the instruction, but cf. In re Prempro Prod. Liab. Litig., 514 F.3d 825, 829 (8th Cir. 2008) ("[R]eading England to restrict the instruction only to a case where a plaintiff is alleging contributory negligence may be overly restrictive."), "the instruction was not unfairly prejudicial and any error was harmless." Id. Instruction No. 14 did not foreclose finding the store negligent if the jury found Paula, or another customer, was also negligent. Instead, the instruction merely explained the store was not negligent in assuming its customers would utilize ordinary care in handling merchandise. Likewise, Paula was not negligent, according to Instruction No. 14, in assuming Fred's Stores would use ordinary care. Because the instruction did not affect the Duponts' substantial rights, and any error was harmless, we will not reverse the district court's judgment. See id.

III. CONCLUSION

The judgment of the district court is affirmed.

MELLOY, Circuit Judge, dissenting.

I respectfully dissent as to sections II and III of the majority opinion.

I believe that the attempt to distinguish the facts of this case from <u>Fleming v. Wal-Mart, Inc.</u>, 595 S.W. 2d 241 (Ark. App. 1980) is unavailing. Just as the Wal-Mart store in <u>Fleming</u> should have assumed that the handling of the merchandise was foreseeable, I believe that it was entirely foreseeable that another customer may have taken the bins down from the high shelf to look at them, and replaced them in a negligent fashion. In my view, Fred's Stores must bear the responsibility for placing the bins in such a precarious position. Given the fact that contributory negligence was not an issue in this case, it is my belief that based upon <u>Fleming</u>, a res ipsa loquitur instruction should have been given.

I also dissent from the majority opinion's failure to reverse as to the giving of instruction #14. The Arkansas Supreme Court has made it clear that the giving of such an instruction where there is no evidence of contributory negligence is error. <u>England v. Costa</u>, 216 S.W.3d 585, 590–91 (Ark. 2005); <u>see also</u> <u>Skinner v. R.J. Griffin & Co.</u>, 855 S.W.2d 913, 915 (Ark. 1993). Like the Arkansas Supreme Court, I do not believe that we can dismiss the giving of the instruction as harmless under the circumstances of this case.

_____